Lemke, Respondent, vs. Lemke, Appellant.

*October 13—November 15, 1949.*

*Walter Schinz, Jr.,* of Milwaukee, for the appellant.
*Charles C. Erasmus* of Milwaukee, for the respondent.

BROWN, J. All the findings of fact are sustained by the evidence. Defendant contends that the award is excessive beyond permissible discretion of the trial judge and suggests that if the property division is allowed alimony should be cut to $35 per month, while if the alimony award is sustained the plaintiff should not receive more than $2,500 in cash or property. He is particularly aggrieved by the finding that the homestead is worth $13,500 instead of $10,500 or

$11,000, as valued by one of plaintiff's witnesses. He also says that plaintiff is capable of some self-support, and so large a proportion of defendant's earnings at a time when, with reduced earning capacity, he will have to provide new security for his old age, is an injustice to him.

Defendant's counterclaim alleged the value of his home to be $15,000, free and clear of incumbrance, with the upper flat rented for $50 per month. His expert witness appraised it at $13,500. He can hardly complain to this court that the trial court held with him on this issue. The wife's contribution to the family fortunes was found to be substantial on competent evidence, and to divide the value of the homestead equally is not inequitable, particularly since the parties bought it as joint tenants and now own it as tenants in common. The division of the minor items appears to be reasonable and is not very material one way or the other. The property division should not be disturbed.

Concerning alimony, the court allowed the wife $75 per month. Defendant's gross pay is $80 per week, out of which, at present rates, $10.20 is withheld for United States income tax and 80¢ for social security — take-home pay $69 per week or something more than $276 per month. The court allowed slightly more than twenty-five per cent of this as alimony, leaving more than $200 per month to the defendant.

The awards are high but we do not consider them excessive nor beyond the trial court's discretion considering the respondent's contribution to the estate, the physical condition and earning capacity of the respective parties, and appellant's continuing right to apply to the trial court if the alimony requirements become unduly oppressive. At present we do not consider them. so great as to impose undue hardship upon the appellant or to permit the respondent to live in more than reasonable physical and mental comfort.

*By the Court.*—Judgment affirmed.